UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN SUTTON,<br><br>                           Plaintiff,<br>      v.<br>STATE OF NEVADA, *et al.*,<br><br>                           Defendant. | Case No. 3:19-cv-00268-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R) relating to Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint ("Complaint") (ECF No. 1-1). Plaintiff filed an objection ("Objection"). (ECF No. 4.) The Court accepts and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Upon engaging in *de novo* review, the Court finds good cause to accept and adopt the R&R in full.

Magistrate Judge Cobb recommends that the Court grant Plaintiff's application to proceed *in forma pauperis*. The Court adopts this recommendation.

Judge Cobb additionally recommends that the Court dismiss the Complaint with prejudice because Plaintiff fails to state any claim upon which relief may be granted. (ECF No. 3.) In his Objection, Plaintiff does not contest Judge Cobb's findings as to the sufficiency of his claims. (ECF No. 4.) Instead, he merely seeks to be allowed to amend the Complaint to state claims against Clark County and Jane and John DOES. (*Id.*) In this

regard, Plaintiff contends that "it is possible" for him to assert a claim against Clark County and others for deliberate indifference under the Eighth Amendment and an additional state law negligence claim. (*Id.* at 2.)

However, the Complaint is devoid of the requisite facts to suggest that it is possible for Plaintiff to assert a claim against Clark County under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) To be clear, while municipalities are not entitled to sovereign immunity and may be held liable under § 1983, a plaintiff can only establish municipal liability by demonstrating that the municipality had a deliberate policy, custom or practice that was the moving force behind the constitutional violation(s) he suffered. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, (1978). Specifically, a plaintiff is required "to *identify* a municipal policy or custom that *caused* the plaintiff's injury." *Bd. of Cty. Comm'rs*, 520 U.S. at 403 (internal quotations and citations omitted) (emphasis added). Here, Plaintiff makes no assertion based on any policies or practices of Clark County. Thus, nothing suggests amendment would not be futile as to Clark County.

Additionally, Plaintiff fails to articulate or proffer any idea as to what factual allegations he would assert against Jane and John DOES. (*See* ECF No. 4.) Further, absent a claim grounded in federal law, the Court would lack jurisdiction over any state law claim.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff is nonetheless required to pay, through NDOC, an initial partial filing fee in the amount of $ 17.50 within thirty days of the entry of this order. Thereafter, whenever his prison account exceeds $10, Plaintiff is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful.

It is further ordered that the Clerk send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada 89702.

It is further ordered that the Clerk detach and file the Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Objection (ECF No. 4) is overruled.

It is further ordered that this action is dismissed.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE